## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

IN RE:

JUAN ADAMES MILLAN

**Debtor**

CASE NO. 13-08676 BKT

Chapter 7

FILED & ENTERED ON 05/21/2014

## OPINION AND ORDER

Before this Court is a Motion to Alter or Amend Order and/or For Reconsideration of Dismissal [Dkt. No. 51] filed by Debtor, Juan Adames Millan ("Debtor" or "Mr. Adames"). For the reasons set forth below, Debtor's Motion to Alter or Amend Judgment and/or For Reconsideration is DENIED.

### I.      Factual Background

On October 18, 2013, Mr. Adames filed his voluntary petition seeking relief pursuant to Chapter 7 of the Bankruptcy Code [Dkt. No. 1]. This is the first time Mr. Adames has filed for bankruptcy relief. The motion before the court stems from Mr. Adames' failure to obtain a credit counseling briefing during the 180 day period preceding his petition's filing.  While Mr. Adames eventually filed his Certificate of Debtor Education on December 9, 2013 [Dkt. No. 42], he never timely filed a request for a temporary waiver pursuant to 11 U.S.C. § 109(h).

On December 23, 2013, the court entered an order dismissing his case [Dkt. No. 47]. In its order, the court reasoned that dismissal was appropriate due to Mr. Adames' failure to file a request to waive the pre-petition credit counseling requirement. Moreover, dismissal was warranted because

1

Mr. Adames did not file Exhibit D-"Individual Debtor Statement of Compliance with Credit Counseling Requirement," an integral part of the voluntary petition.

Mr. Adames then filed the motion for reconsideration that is before the court. Because Mr. Adames' motion fell outside of the 14 days provided by Fed. R. Bankr. P. 9023, the court will treat his motion for reconsideration pursuant to Fed. R. Bankr. P. 9024.

## II.    Legal Analysis and Discussion

Mr. Adames fails to establish grounds for relief under Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60. Fed. R. Bankr. P. 9024 incorporates Fed. R. Civ. P. 60 with some limited exceptions. Fed. R. Civ. P. 60(b) provides for grounds for relief from a final judgment, order, or proceeding. This rule "seeks to balance the interest in the stability of judgments with the interest in seeing that judgments not become instruments of oppression and fraud." In re Lugo, 12-04983 BKT, 2014 WL 1117081 (Bankr. D.P.R. 2014). However, a motion pursuant to Fed. R. Civ. P. 60(b) is extraordinary in nature and motions invoking the rule should be granted sparingly. Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002). "Thus, a party who seeks recourse under Rule 60(b) must persuade the trial court, at a bare minimum, that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted." Id. Mr. Adames has failed to allege details showing any inadvertence, mistake and/or excusable neglect. Likewise, no exceptional circumstances exist to justify extraordinary relief. However, even if the court were to entertain his motion as timely filed pursuant to Fed. R. Bankr. P. 9023 and Fed. R. Civ. P. 59, Mr. Adames would still not be entitled to relief.

In order to have his motion granted pursuant to Fed. R. Civ. P. 59(e), Mr. Adames must clearly establish a manifest error of law. F.D.I.C. v. World U. Inc., 978 F.2d 10, 16 (1st Cir. 1992)

2

(citing F.D.I.C . v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)). Specifically, unless Mr. Adames presents controlling jurisprudence that the court overlooked and may reasonably be expected to amend or alter its conclusion, his motion will be denied. Est. of Rivera v. Dr. Susoni Hosp., Inc., 323 F. Supp. 2d 262, 265 (D.P.R. 2004) (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2nd Cir.1995)). In his motion, Mr. Adames cites In re Rios, 336 B.R. 177 (Bankr. S.D.N.Y. 2005) (citing In Re Hubbard, 333 B.R. 377, 388 (Bankr. S.D. Tex. 2005) and In re Thompson, 344 B.R. 899 (Bankr. S.D. Ind. 2006) subsequently vacated, 249 Fed. Appx. 475 (7th Cir. 2007)(unpublished) for the proposition that failure to comply with 11 U.S.C. § 109(h)'s credit counseling requirement should result in the striking of his petition, as opposed to its dismissal. However, more recent and persuasive jurisprudence suggests that dismissal is the appropriate result.

While this issue has not been addressed in the First Circuit, in 2006 the Second Circuit Court of Appeals dealt with a factually analogous matter. In re Zarnel, 619 F.3d 156, 158-60 (2d Cir. 2010). A debtor, represented by counsel, filed a voluntary Chapter 7 petition on November 29, 2005. Id. at 158. This was the debtor's first filing, and while her petition was accompanied by the correct schedules, she neither filed a credit counseling certificate, nor sought an extension of time to do so. Id. Approximately two months later, the United States Trustee moved to dismiss the case. Id. at 159. However, instead of dismissing, the bankruptcy court decided to have the case stricken. Id.

Relying on the reasoning in Rios and Hubbard, the bankruptcy court "found that the statutory language of § 109(h), which provides that an individual 'may not be a debtor' without prior credit counseling, bars such filers from commencing a case under 11 U.S.C. § 301." Id. As a result, the bankruptcy court held "that because Congress had not explicitly directed the action a court should take in response to a bankruptcy petition failing to commence a case, it had the power to strike the petitions before it rather than to dismiss the cases." Id. at 160. The bankruptcy court further noted

3

that "dismissal, which has the potential effect of limiting access to or the duration of § 362's automatic stay in a subsequent filing, is for the most part an inappropriate remedy for a debtor's innocuous failure to obtain counseling, prior to filing a bankruptcy petition." Id. at 160. The court justified the aforementioned by reasoning that it "could always strike a case with prejudice to future filings if it found such a measure to be warranted by a filer's bad faith or other such circumstances." Id. The trustee then filed an appeal as to the "issue of whether the bankruptcy court had erred in ruling that the petitions of ineligible debtors had not commenced cases and that the petitions could thus be struck rather than dismissed." Id. After the district court affirmed the bankruptcy court's ruling, the trustee appealed to the Second Circuit Court of Appeals. Id. at 161.

The Court of Appeals disagreed with the bankruptcy and district courts, holding that "although an individual may be ineligible to be a debtor under the Bankruptcy Code for failure to satisfy the strictures of § 109(h), the language of § 301 does not bar that debtor from *commencing* a case by filing a petition; it only bars the case from being maintained as a proper voluntary case under the chapter specified in the petition." Id. at 166-67 (emphasis in original). The Court of Appeals based its holding on the Bankruptcy Code's definition of a "petition":

> [Under the] Bankruptcy Code's definition of petition: "The term 'petition' means petition filed under section 301, 302, 303, or 304 of this title, as the case may be, commencing a case under this title." 11 U.S.C. § 101(42) (emphasis added). Thus, a petition filed under §§ 301, 302, or 303 both "operates as a stay," id. § 362(a), and commences a bankruptcy case.

Id. at 166. In addressing previous and conflicting jurisprudence, the Second Circuit held that "the restrictions of § 301 and § 109(h) are not jurisdictional, but rather elements that must be established to sustain a voluntary bankruptcy proceeding." Id. at 169. Sections 301, 302, and 303, "('Voluntary cases,' 'Joint cases,' and 'Involuntary cases,' respectively), define the prerequisites for relief under

4

particular chapters of the Bankruptcy Code, rather than the existence in a jurisdictional sense of a voluntary, joint, or involuntary case." Id. at 166. Therefore, the Court of Appeals vacated the district court's judgment and remanded to the bankruptcy court to consider whether striking the matter was appropriate given the court's determination that the case had in fact commenced. Id. at 172. The bankruptcy court later chose to dismiss the petition in lieu of striking it. In re Osborne, 490 B.R. 75, 79 n. 1 (Bankr. S.D.N.Y. 2013).

Given the aforementioned, it is evident that Mr. Adames' motion would fail pursuant to Fed. R. Bankr. P. 9023. Mr. Adames cannot meet his burden of establishing manifest error. He has presented no controlling jurisprudence that the court overlooked and may reasonably be expected to amend or alter its conclusion. To the contrary, recent on point jurisprudence suggests that the striking of Mr. Adames' petition is inappropriate because his case was in fact commenced. Therefore, Mr. Adames' failure to comply with 11 U.S.C. § 109(h)'s credit counseling requirement should result in his case's dismissal.

**III.    Conclusion**

WHEREFORE, IT IS ORDERED that the Motion to Alter or Amend Order and/or For Reconsideration of Dismissal filed by Debtor shall be, and it hereby is, DENIED. The case remains dismissed. The Clerk shall close the case forthwith.

In San Juan, Puerto Rico this 21st day of May, 2014.

Brian K. Tester
U.S. Bankruptcy Judge